875 F.2d 861
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leon BRODOCK and Joan Brodock, Plaintiffs-Appellants,
v.
Joseph A. SHOOK; Calvin C. Lutz; Phillip Roberts; John E.
Craig; Michigan National Bank; James A. Bosserd,
Defendants-Appellees.
 No. 88-1188.
 United States Court of Appeals, Sixth Circuit.
 May 19, 1989.
 
 Before MILBURN and DAVID A. NELSON, Circuit Judges and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs-appellants Leon and Joan Brodock, appearing pro se, appeal from the judgment of the district court dismissing their action filed against defendants-appellees Joseph A. Shook, Calvin C. Lutz, Phillip Roberts, and John E. Craig, officers of the Farmers Home Administration ("federal defendants"), and against defendants-appellees Michigan National Bank ("MNB") and James Bosserd, a vice-president of MNB.
 
 
 2
 Count I of the plaintiffs' amended complaint alleges a breach of contract action concerning certain loans made by MNB to the Brodocks for maintenance of a veal calf feeding operation. These loans were guaranteed by the Farmers Home Administration ("FmHA"). The Brodocks contend that MNB breached its contract with them by computing the loan interest on a monthly basis as opposed to a quarterly basis and by not charging a variable rate of interest on the loans in question in accordance with the contracts. The Brodocks also contend that MNB further breached the contract by failing to finance their farm operation for the entire seven-year loan repayment term.
 
 
 3
 Count II of the amended complaint alleges a due process clause violation. The Brodocks claim that in late 1980, FmHA refused to assist them with further financing by either giving them a direct loan or by promising further loan guarantees to MNB. The Brodocks contend that FmHA denied their request for further loan guarantees and that they were denied due process by not being advised of their claimed right to appeal the denial by FmHA. Finally, the plaintiffs state that FmHA should have notified them of their right to apply for moratorium relief.
 
 
 4
 On December 8, 1986, the federal defendants filed an alternative motion for dismissal and summary judgment, and MNB and Bosserd filed a similar motion on April 2, 1987. On January 27, 1988, the district court entered an opinion and rendered a judgment granting the defendants' motion, dismissing Count I without prejudice and dismissing Count II with prejudice. With regard to the breach of contract claim, the district court concluded that it lacked subject matter jurisdiction for any action against the FmHA because the claim was for an amount in excess of $10,000 and that the federal claims court had exclusive jurisdiction of such claims. See 28 U.S.C. Sec. 1491(a)(1); Mathews v. United States, 810 F.2d 109, 111 (6th Cir.1987). The court then declined to exercise pendent jurisdiction over any breach of contract claim against MNB.
 
 
 5
 With regard to the due process claim, the district court held that it was barred by the statute of limitations. The court concluded that the applicable statute of limitations in Michigan was Michigan's three-year limitations period for personal injury actions, that it was clear from the face of the complaint that the last act taken by FmHA took place in December of 1980, and, therefore, this action filed in 1986 was obviously untimely. The Brodocks filed a timely notice of appeal on February 23, 1988.
 
 
 6
 The principal issues before this court on appeal are (1) whether the district court erred in dismissing the due process claims with prejudice; and (2) whether the district court erred in dismissing the contract claims without prejudice. After a thorough review of the record and consideration of the briefs filed in this action, we conclude that the district court committed no error.
 
 
 7
 MNB and Bosserd urge this court to hold that summary judgment should have been entered in their favor on the breach of contract claim and remand for dismissal with prejudice. However, they did not file a notice of appeal or cross-appeal. We are without jurisdiction to modify judgment in favor of nonappealing parties. See Haskell v. Washington Township, 864 F.2d 1266, 1274 (6th Cir.1988).
 
 
 8
 Accordingly, the judgment of the district court is AFFIRMED for the reasons stated in its opinion dated January 27, 1988.